# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-3626

_____

Deborah Cheatum,

  Plaintiff - Appellant,

v.

Michael J. Astrue, Commissioner
of Social Security,

  Defendant - Appellee.

\*   Appeal from the United States
\*   District Court for the
\*   Western District of Missouri.

\*   [UNPUBLISHED]

_____

Submitted: September 22, 2009
Filed: July 30, 2010

_____

Before RILEY,[1] Chief Judge, JOHN R. GIBSON, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Deborah Cheatum applied for social security disability insurance benefits and supplemental security income, alleging a disability onset date of October 1, 2003. Cheatum alleged disability resulting from lupus, fibromyalgia, carpal tunnel syndrome, and mental retardation. The Administrative Law Judge (ALJ) determined that Cheatum did not meet the requirements for mental retardation found in Listing 12.05C and that her other impairments did not prevent her from performing her past

_____

[1]The Honorable William Jay Riley became Chief Judge of the United States Court of Appeals for the Eighth Circuit on April 1, 2010.

relevant work. The Commissioner denied review of the ALJ's decision, making the decision final. Cheatum appealed the decision to the federal district court,[2] which affirmed the denial of benefits. This appeal followed. We affirm.

Cheatum appeals the denial of her application for benefits, arguing solely that she meets the requirements for mental retardation disability found in Listing 12.05C. This court reviews the Commissioner's decision de novo to determine whether it is supported by substantial evidence in the record. Maresh v. Barnhart, 438 F.3d 897, 898 (8th Cir. 2006). Substantial evidence "is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). During this analysis, we defer heavily to the findings and conclusions of the Social Security Administration. Howard v. Massanari, 255 F.3d 577, 581 (8th Cir. 2001).

Cheatum alleges disability under Listing 12.05C, which states :

Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.

The required level of severity for this disorder is met when the requirements of A, B, C, or D are satisfied.

. . .

C. A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function.

20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05.

---

[2]The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

The ALJ determined that Cheatum had a verbal IQ score of 69 at the age of fifteen and suffered from the additional impairment of lupus. The ALJ denied benefits, however, reasoning that Cheatum failed to establish deficits in adaptive functioning initially manifested before age 22 as is required by the introductory paragraph of Listing 12.05.

On appeal, Cheatum argues that the introductory paragraph of Listing 12.05 does not require evidence of deficits in adaptive functioning if the claimant meets the requirements of one of the subsections, in her case subsection C. She relies on language taken from Maresh, in which we summarized that "to meet Listing 12.05C, a claimant must show: (1) a valid verbal, performance, or full scale IQ of 60 through 70; (2) an onset of the impairment before age 22; and (3) a physical or other mental impairment imposing an additional and significant work-related limitation of function." Although Cheatum meets this three-part test, she ignores our explicit statement in Maresh that "the requirements in the introductory paragraph are mandatory." Id. Those requirements clearly include demonstrating that the claimant suffered "deficits in adaptive functioning" and that those deficits "initially manifest during the developmental period [before age 22]." 20 C.F.R. Pt. 404, Subpt. P, App.1, § 12.05; see Randall v. Astrue, 570 F.3d 651, 659-60 (5th Cir. 2009) (holding that Listing 12.05 requires claimant to demonstrate deficits in adaptive functioning in case where claimant otherwise meets the requirements in Listing 12.05C, citing similar rulings in other circuits).

Cheatum goes on to argue that if she is required to demonstrate deficits in adaptive functioning, she met this requirement through evidence that she was "placed in an educatable mentally retarded self contained classroom at the junior high school level." But this evidence, when taken in light of Cheatum's own testimony, does not necessitate a finding that she suffered deficits in adaptive functioning. There is no indication in the record that the school's recommendation for Cheatum's classroom placement was made by a qualified mental health professional. Further, Cheatum testified that her school work suffered because she was caring for her mother who was

sick with cancer and she had to commute between towns to attend school. The evidence also showed that Cheatum had maintained employment in semi-skilled and unskilled positions for many years.[3] She was able to perform activities of daily living and light housework, drive a car, help prepare meals, and care for her father who was suffering from Alzheimer's. In addition, Dr. Michah Mazurek, a licensed psychologist who evaluated Cheatum in March of 2007, diagnosed Cheatum as having "Borderline Intellectual Functioning," as opposed to mental retardation. Dr. Mazurek specifically stated that "there is no evidence to suggest concurrent adaptive impairments at the level to warrant a diagnosis of mental retardation."

Accordingly, the Commissioner's conclusion that Cheatum failed to establish the deficits in adaptive functioning necessary to meet Listing 12.05 is supported by substantial evidence. Further, based on our review of the record as a whole, the Commissioner's conclusions concerning Cheatum's ability to perform her past relevant work are also supported by substantial evidence. The judgment of the district court is affirmed.

———————————

---

[3]As the district court correctly noted, evidence of Cheatum's ability to perform gainful activity is not relevant if she otherwise meets the requirements of Listing 12.05. See Maresh, 438 F.3d at 901. It is relevant, however, to whether she has shown the deficits in adaptive functioning necessary to meet that listing.